**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| NICHOLAS GRAY, *et al.*,<br><br>*Plaintiff*,<br><br>v.<br><br>PASHA ENTERTAINMENT GROUP, LLC and MICHAEL WARREN POWERS,<br><br>*Defendants*. | **C. A. NO. 4:08-cv-3369** |

**DECLARATION OF NICHOLAS GRAY**

Pursuant to 28 U.S.C. § 1746, the undersigned declares as follows:

1. "My name is Nicholas Gray. I am over the age of twenty-one (21) and am fully qualified to make this Declaration.

2. I used to work for Pasha Entertainment Group, LLC (Pasha) at Pashaa Ultra Lounge (the Bar). I worked for Pasha at the Bar on two separate occasions. From approximately February of 2007 to September 2007, I worked for Pasha as a bartender. From March of 2008 to September of 2008, I worked for Pasha as the general manager of the Bar. My claims in this lawsuit only concern the time I worked for Pasha as a bartender at the Bar.

3. Pasha did not pay me any wages at all as a bartender. I worked only for tips I earned from the Bar's customers. As customers purchased drinks/beverages, all of the monies from these sales were put into the Bar's registers and went directly to the Bar. I did not receive any share of these proceeds.

**Exhibit 3**

4. Pasha did not keep records of the hours I worked as a bartender. However, based on my memory of my general work schedule, I can estimate the number of hour that I worked with reasonable accuracy.

5. As a bartender from February through September 2007, I worked every Thursday, Friday and Saturday night. I did this for approximately thirty-one weeks during that period. The hours I worked were from 9:00 p.m. until approximately 4:00 a.m. The Bar was open for business from 10:00 p.m. until 2:00 a.m. I had to arrive before the Bar opened to generally make sure that that the Bar was ready for customers. I had to stay after the Bar closed to, clean, make sure my cash register was correct and to generally close up the Bar. Therefore, I worked approximately twenty-one hours per week over the thirty-one weeks.

6. I did not invest any of my money in Pasha's business. I did not share in the profits or losses of Pasha's business. I could only work as a bartender at the Bar when the Bar was open for business. I did not have anything to do with setting the Bar's hours of operation. I did not own any of the equipment, glasses, fixtures or alcohol inventory at the Bar. Pasha set the drink prices, cover charge prices and drink comp policies. I had no say in those matters.

7. Other than applying for jobs, I did not do any work or invest any money to promote or advertise my bartending services to bars, nightclubs, restaurants or others businesses serving alcohol to the public. I did not do any work or invest any money to promote or advertise my bartending services to the public. I did not do any work or invest any money to promote or advertise the Bar to the public.

8. My understanding was that Michael Warren Powers (Powers) was one of my bosses. I knew him to be one of the owners of the Bar and always believed that I had to take direction from him if asked. Although Powers was not at the Bar on a daily basis, he occasionally came to

the Bar while I was working. Powers also occasionally would direct my work (*e.g.*, direct me to serve certain people) and comment on my work performance. When Powers was in the Bar he received 'VIP' treatment such as complimentary drinks for himself and for his guests and I saw him direct the work of other employees at the Bar.

9. In October of 2007 (about a month after I finished my bartending stint at the Bar), Powers contacted me and asked if I could fill in for a week at the Bar. The general manager at the time, Julian Ritchey, was going to be out of town and Powers needed me to fill in for him while he was gone. I agreed to fill in and Powers hired me for the week.

10. At no time during the time I worked at the Bar was I told that I was considered an 'independent contractor' or that the Bar did not consider me to be their employee. Rather, I was told when to work and was provided with all of the tools, equipment, inventory, and customers necessary to perform my job responsibilities.

11. I have read this declaration. Under penalty of perjury, I declare that all of the foregoing statements made in this declaration are true and correct."

Signed under penalty of perjury on 10/14, 2009.

Nicholas Gray