UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICHOLAS GRAY, *et al.*, | § | |
| | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-3369 |
| | § | |
| MICHAEL WARREN POWERS, *et al.*, | § | |
| | § | |
|     *Defendants*. | § | |

**ORDER AND FINAL JUDGMENT**

This is a case brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, in which a default judgment has been entered against defendant Pasha Entertainment Group, LLC ("PEG"). Dkt. 16. The only other named defendant in this case, Michael Warren Powers, has been granted summary judgment. Dkt. 66. The parties agree that the only tasks remaining for the court in this case are: (1) a determination of the amount of damages plaintiffs are entitled to receive from PEC; and (2) fees and costs.[1]

The FLSA requires employers to pay employees a minimum hourly rate. 29 U.S.C. § 206(a). When this provision is violated, employees are entitled to damages equal to their unpaid minimum wages. 29 U.S.C. § 216(b). A partial exception exists for "tipped employees," whereby an employee's tips may satisfy up to fifty percent of the statutory minimum wage requirement if the employer informs the tipped employees of the exception, and the tipped employees retain all the tips received. 29 U.S.C. § 203(m). Here, each of the three plaintiffs were hired as bartenders and were told that the **only** wages they would receive would be the tips that they were given. Dkt. 46-3 ¶3;

---

[1] The court possesses sufficient information to calculate actual and liquidate damages in this case, but will not reach the issue of fees and costs until a motion is filed.

Dkt. 46-4 ¶3; Dkt. 46-5 ¶3.  Therefore, PEG did not properly give notice of an intent to take advantage of the Section 203(m) exception, nor did it provide the required 50% of the wages through payroll as required to qualify for the exception.  Accordingly, the default judgment against PEG establishes that PEG is responsible for the full amount of the statutory minimum wage for each hour worked by plaintiffs.

Liquidated damages are also available pursuant to the FLSA, and may be awarded in an amount equal to the plaintiff's actual damages.  29 U.S.C. § 216(b).  The FLSA permits the court to decline to award liquidated damages, or to reduced the amount thereof, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA.  29 U.S.C. § 260.  No such showing of good faith has been made in this case.  The Fifth Circuit has held that an employer who has been found to have willfully violated the FLSA could not have acted in good faith when considering whether to reduce the amount of liquidated damages awarded under 29 U.S.C. § 260.  *Singer v. City of Waco, Tex.*, 314 F.3d 813, 823 (5th Cir. 2003).  PEG's practice of paying no wages at all is clearly a willful violation of the FLSA, making an award of liquidated damages appropriate in this case.

The last issue prior to reaching a ruling on damages is whether a hearing is necessary.  Plaintiffs have presented uncontradicted damages evidence in the nature of affidavits giving an accurate description of the hours they each worked without compensation.  Dkts. 46-3, 46-4, 46-5.  Therefore, plaintiffs' damages are capable of mathematical calculation and, accordingly, no hearing is necessary before the court issues a ruling.  *Leedo Cabinetry v. James Sales & Distr. Co.*, 157 F.3d 410, 414 (5th Cir. 1998) (affidavit evidence concerning precise amount owed for cabinetry delivered but not paid for obviated necessity for hearing on damages because the amount was "capable of

2

mathematical calculation."). The court will, accordingly, enter judgment against defendant Pasha Entertainment Group, LLC, and in favor of the individual plaintiffs as follows:

**Nicholas Gray**

Nicholas Gray worked an average of 21 hours per week from February 1, 2007, through July 23, 2007, for a total of 525 hours (25 weeks times 21 hours per week). Dkt. 46-3 ¶¶ 2, 5. The minimum wage during that period was $5.15 per hour. 26 U.S.C. § 206(a)(1). Gray worked approximately 21 hours per week from July 24, 2007, through September 4, 2007, for an additional 126 hours (6 weeks times 21 hours per week). Dkt. 46-3 ¶¶ 2, 5. The minimum wage was $5.85 per hour during that period. 26 U.S.C. § 206(a)(1). Gray is entitled to payment for 525 hours of work at $5.15 per hour, and 126 hours of work at $5.85 per hour, for a total of $3440.85 in actual damages. PEG acted wilfully in violating the FLSA, and the court also awards liquidated damages to Gray in the amount of $3440.85, for a total award of $6881.70.

**Christi Fisher**

Christi Fisher worked an average of 19.5 hours per week from March 15, 2007, through July 23, 2007, for a total of 351 hours (18 weeks x 19.5 hours per week). Dkt. 46-4 ¶¶ 2, 5. As noted above, the minimum wage during that period was $5.15 per hour. 26 U.S.C. § 206(a)(1). Fisher worked approximately 19.5 hours per week from July 24, 2007, through July 23, 2008, for a total of 1014 hours (52 weeks time 19.5 hours). Dkt. 46-3 ¶¶ 2, 5. The minimum wage was $5.85 per hour during that period. 26 U.S.C. § 206(a)(1). Fisher worked approximately 19.5 hours per week from July 24, 2008, through September 1, 2008, for a total of 97.5 hours (5 weeks times 19.5 hours per week). Dkt. 46-3 ¶¶ 2, 5. The minimum wage during that period was $6.55. 26 U.S.C. § 206(a)(1). Fisher is entitled to payment for 351 hours of work at $5.15 per hour, 1014 hours of work at $5.85 per hour, and 97.5 hours of work at $6.55 per hour, for a total of $8,378.18 in actual

damages. Liquidated damages are appropriate for the reasons set forth above in an additional amount of $8,378.18, for a total award of $16,765.38.

**Jessica Nichols**

Jessica Nichols worked an average of 7.5 hours per week from April 17, 2008 through July 23, 2008, for a total of 97.5 hours (13 weeks times 7.5 hours per week). Dkt. 46-5 ¶¶ 2, 5. The minimum wage during that period was $5.85 per hour. 26 U.S.C. § 206(a)(1). Nichols worked 7.5 hours from July 24-26, 2008. Dkt. 46-3 ¶¶ 2, 5. The minimum wage was $6.55 per hour during that period. 26 U.S.C. § 206(a)(1). Nichols is entitled to 97.5 hours of work at $5.85 per hour, and 7.5 hours of work at $6.55 per hour for a total of $619.51 in actual damages. Liquidated damages are appropriate for the reasons set forth above in an additional amount of $619.51, for a total award of $1,239.02.

Wherefore, on the basis of the foregoing, FINAL JUDGMENT is hereby entered on behalf of plaintiff Nicholas Gray and against Defendant Pasha Entertainment Group, LLC, in the total amount of $6881.70.

FINAL JUDGMENT is hereby entered on behalf of plaintiff Christi Fisher and against Defendant Pasha Entertainment Group, LLC, in the total amount of $16,765.38.

FINAL JUDGMENT is hereby entered on behalf of plaintiff Jessica Nichols and against Defendant Pasha Entertainment Group, LLC, in the total amount of $1,239.02.

Signed at Houston, Texas on October 26, 2010.

_____
Gray H. Miller
United States District Judge